## Jaffe & Asher LLP v Abrams

2024 NY Slip Op 30327(U)

January 25, 2024

Supreme Court, New York County

Docket Number: Index No. 651270/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: __HON. LOUIS L. NOCK__ | PART 38M |
| _Justice_ | |

-------------------------------------------------------------------------X

JAFFE & ASHER LLP,

Plaintiff,

- v -

RUSSELL ABRAMS and SANDRA ABRAMS,

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651270/2023 |
| MOTION DATE | 08/29/2023, 09/05/2023, 09/21/2023 |
| MOTION SEQ. NO. | 003 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 76, 77, 103 were read on this motion to SEAL .

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 94, 95, and 101 were read on this motion to SEAL .

The following e-filed documents, listed by NYSCEF document numbers (Motion 005) 96, 97, 98, 99, 100, 102, 104, 105, 106, 107, 112, 113, 114, 115, 116, and 117 were read on this motion for ATTORNEY WITHDRAWAL .

LOUIS L. NOCK, J.

In motion seq. no. 003, defendants move for an order sealing NYSCEF Doc. Nos. 73-75. The motion is unopposed. In motion seq. no. 004, plaintiff moves for an order sealing NYSCEF Doc. Nos. 78-93. The motion is unopposed. Those motions are granted for the good causes shown in the respective affirmations in support of same, pursuant to Part 216 of the Uniform Rules for the Trial Courts.

In motion seq. no. 005, counsel for the defendants moves to be relieved as counsel for the defendants in this action due to reasons explained in said counsel's affirmation in support. The motion also seeks an order granting said counsel a retaining lien on the file and a charging lien on the proceeds of any future judgment entered herein against the defendants. Plaintiff opposes

651270/2023  JAFFE & ASHER LLP vs. ABRAMS, RUSSELL ET AL
Motion No.  003 004 005

Page 1 of 4

1 of 4

the application, casting it as a method by defendants "to delay this matter long enough for them to remove their assets outside of the country and avoid payment of their debts" (NYSCEF Doc. No. 99 ¶ 3). Plaintiff further asserts that defendants' counsel should not avail themselves of the opportunity of withdrawal – a remedy available under CPLR 321 and Rules 1.7 and 1.16 of the New York Rules of Professional Conduct – because, as plaintiff/counsel puts it, defendants' counsel "knew exactly who they were dealing with when they agreed to represent Abrams" (NYSCEF Doc. No. 99 ¶ 6). Plaintiff also opposes defendants' counsel's application for a charging lien. The court does not find merit in the opposition except to say that the court retains authority to fix the amount of the lien at the appropriate time, soberly mindful of plaintiff's concern regarding the sufficiency of "equity to satisfy all of the claims against Abrams" (*id.* ¶ 10).

Due to the attestations by defendants' counsel in support of withdrawal, which the court has no reason to doubt despite plaintiff's bald assertions of deliberate delay tactics and casting of fault, this court finds that ample basis exists to grant the withdrawal relief requested by defendants' counsel, relating to a breakdown in the attorney-client relationship and its necessary communications (*see*, NYSCEF Doc. No. 97). Moreover, it is well-settled that counsel is entitled to recover for services rendered and to impose a retaining lien on the file and a charging lien on the proceeds of any future judgment (*Schneider, Kleinick, Weitz, Damashek & Shoot v City of N.Y.*, 302 AD2d 183, 187 [1st Dept 2002] [enforcement of a charging lien is founded upon the equitable notion that the proceeds of a settlement are ultimately "under the control of the court, and the parties within its jurisdiction, [and the court] will see that no injustice is done to its own officers"] [brackets in original]; Judiciary Law § 475).

**651270/2023  JAFFE & ASHER LLP vs. ABRAMS, RUSSELL ET AL**
**Motion No.  003 004 005**

**Page 2 of 4**

Accordingly, it is

ORDERED that the motions to seal (seq. nos. 003 and 004) are granted; and, therefore, it is

ORDERED that the Clerk of the Court is directed, upon service on him of a copy of this order with notice of entry, to seal the Affirmation of Daniel Rothstein, its exhibit, and the Affidavit of Russell Abrams (NYSCEF Doc. Nos. 73 through 75), and to seal the Affirmation of Marshall Potashner and its exhibits (NYSCEF Doc. Nos. 78 through 93) in the docket of the New York State Courts Electronic Filing System and to separate those documents and to keep them separate from the balance of the file in this action; and it is further

ORDERED that thereafter, or until further order of the court, the Clerk of the Court shall deny access to the said sealed documents to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this case and any party; and it is further

ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the motion (seq. no. 005) by counsel for the defendants – Levy Goldberg LLP, 75 Broad Street, Suite 2120, New York, New York 1004 – to be relieved as counsel for the defendants in this action is granted and, accordingly, said counsel is thusly relieved; and it is further

ORDERED that said outgoing defendants' counsel's application (in seq. no. 005) granting said counsel a retaining lien on their office file involving defendants in this action and granting said counsel a charging lien on the proceeds of any future judgment entered herein against the defendants is granted, subject to this court's future determination fixing the quantum and extent of

**651270/2023   JAFFE & ASHER LLP vs. ABRAMS, RUSSELL ET AL**
**Motion No.  003 004 005**

**Page 3 of 4**

[* 3]

such charging lien at a hearing in the future for the purpose of such determination, at which plaintiff may fully participate; and it is further

ORDERED that this action will now be stayed until February 23, 2024, to enable defendants to retain substitute counsel; and it is further

ORDERED that a status conference will be convened February 28, 2024, at 10:00 a.m., at the Courthouse, 111 Centre Street, New York, New York, at which substitute defense counsel will appear or, in the absence of such, defendants shall appear; and it is further

ORDERED that in the absence of appearance of such substitute counsel or the defendants at said conference, plaintiff may apply to this court at said conference for final judgment against the defendants; and it is further

ORDERED that outgoing defense counsel shall serve a copy of this decision and order on the defendants no later than January 29, 2024.

This will constitute the decision and order of the court.

ENTER:

*Louis L. Nock*

| 1/25/2024 | | | | LOUIS L. NOCK, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**651270/2023   JAFFE & ASHER LLP vs. ABRAMS, RUSSELL ET AL**
**Motion No.  003 004 005**

**Page 4 of 4**

4 of 4